Filed 7/1/14  P. v. Jacquett CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064479 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD246226) |
| TYREECE RICHARD JACQUETT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Donna L. Harris, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

Tyreece Richard Jacquett entered a negotiated guilty plea to assault with a firearm (Pen. Code, § 245, subd. (a)(2)) with personal firearm use (Pen. Code, § 12022.5, subd. (a)) for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)).  After denying Jacquett's motion to withdraw his guilty plea, the court sentenced him to a stipulated 10-year prison term:  the two-year lower term for assault with a firearm, the three-year lower term for personal firearm use and five years for the gang enhancement.  Jacquett appeals, contending the court abused its discretion by failing to (1) recognize Jacquett's right to discharge his retained counsel, (2) conduct an adequate inquiry into Jacquett's allegations of ineffective assistance of counsel and (3) appoint counsel for Jacquett.  We affirm.

BACKGROUND

On February 13, 2013, at the outset of this case, the court appointed counsel for Jacquett.  On May 31, retained counsel began representing Jacquett.

At the change of plea hearing on June 19, 2013, Jacquett testified that he understood the plea agreement; he had read it carefully, or had it read and explained so he understood it.  After consulting with counsel off the record, Jacquett testified that he did not have any questions for the court about the proceedings.  Jacquett also testified he was entering the plea freely and voluntarily and because he believed it was in his best interest.  While the court was questioning Jacquett about the factual basis for the plea, Jacquett said, "I just wanted to note that it is not really [¶] . . . [¶] there was no assault. . . ."  After

2

a discussion off the record, Jacquett agreed to the following factual basis:  On February 8, Jacquett assaulted the victim with a firearm, for the benefit of a criminal street gang, with the specific intent to promote criminal conduct by gang members, and in so doing, personally used a firearm.

At the sentencing hearing on August 6, 2013, Jacquett's attorney told the court that Jacquett wished to withdraw his plea.  Jacquett's attorney requested that counsel be appointed to look into the matter and ascertain whether there were grounds to withdraw the plea.  Counsel stated, "[S]ince I was the one who did the plea, it would be a conflict for me to be the one to review it."  The court noted that a "quasi-*Marsden* hearing" (*People v. Marsden* (1970) 2 Cal.3d 118) was not appropriate when counsel was retained rather than appointed, nor was it "the proper procedure" to appoint "conflict or substitute counsel to investigate or evaluate the . . . plea withdrawal motion."  The court asked retained counsel "if the basis for the desire to withdraw the plea has anything to do with allegations of incompetency of counsel."  Counsel responded, "Not that he's inquired of me, your honor."  The court responded, "So if you think there is a good faith basis to file a motion, I would continue this for purposes of you to file a motion.  And if you don't think there is, then there's no legal cause, and we should proceed."  Counsel replied, "I don't believe there is a basis for a plea withdrawal, your honor."

After a discussion of other matters, the court asked whether there was any legal cause why sentencing should not proceed.  Jacquett and his counsel conferred.  The court

3

again asked whether there was any legal cause why sentencing should not proceed.

Counsel announced that Jacquett had a letter he wished to present to the court. The court read the letter, which stated: "I am very disturbed, uncomfortable, and I feel pressured and forced into taking a deal that I ultimately don't want and never intended to take. I wasn't aware of, and fully didn't understand the stipulations of the deal I was signing. I was persuaded into thinking that my lawyer understood my case, but instead I was manipulated into taking a deal I truly didn't understand until my family got a second opinion from legal counsel. I have a right to face my accusers and I would like to advance my case to my preliminary hearing." The court declined to continue the case or set aside the plea, noting that counsel had not stated there was legal cause to do so.

## DISCUSSION

A *Marsden* hearing is an " 'inappropriate vehicle in which to consider appellant's complaints against his retained counsel.' " (*People v. Hernandez* (2006) 139 Cal.App.4th 101, 108.) It is also improper to appoint " ' "conflict" or "substitute" counsel to investigate or evaluate the defendant's proposed new trial or plea withdrawal motion.' " (*People v. Sanchez* (2011) 53 Cal.4th 80, 89.) Moreover, Jacquett did not request discharge of his retained counsel,[1] either in his letter or by other means, and he did not

---

[1]   In any case, when counsel is retained, the "defendant's right to discharge . . . counsel . . . is not absolute. The trial court, in its discretion, may deny such a motion if discharge will result in 'significant prejudice' to the defendant [citation], or if it is not timely, i.e., if it will result in 'disruption of the orderly processes of justice' [citations]." (*People v. Ortiz* (1990) 51 Cal.3d 975, 983.)

4

give a " 'clear indication . . . that he want[ed] a substitute attorney.' " (*People v. Mendoza* (2000) 24 Cal.4th 130, 157.)  There was no error.

DISPOSITION

The judgment is affirmed.

_____

O'ROURKE, J.

WE CONCUR:

_____

BENKE, Acting P. J.


_____

HUFFMAN, J.